IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DETRICK CULLUM, M22036 | )<br>)<br>) |
| *Petitioner*, | )<br>) |
| v. | ) No. 18 C 2219<br>) |
| JUSTIN HAMMERS, Warden, | ) Judge Virginia M. Kendall<br>) |
| *Respondent*. | )<br>)<br>) |

**MEMORANDUM OPINON AND ORDER**

In March 2010, a state grand jury charged petitioner Detrick Cullum multiple counts of aggravated criminal sexual assault, kidnapping, aggravated kidnapping, possession of a stolen motor vehicle, aggravated possession of a stolen motor vehicle, and other crimes. (Dkt. 1 at 27-37). Following a bench trial on March 10, 2011, in the Circuit Court of Cook County, the judge convicted Cullum of aggravated criminal sexual assault, kidnapping, aggravated kidnapping, possession of a stolen motor vehicle, aggravated possession of a stolen motor vehicle, and other less significant crimes. *See People v. Cullum*, 1-11-1776, 2013 WL 4858804, at *1 (Ill. App. 1st Dist. Sept. 10, 2013); (Dkt. 14-1). Cullum alleged that his trial counsel had provided ineffective assistance and the Cook County Circuit Court judge held a hearing pursuant to *People v. Krankel*, 464 N.E.2d 1045 (Ill. 1984). *See Cullum*, 2013 WL 4858804, at *1. The judge rejected the claim of ineffective assistance of counsel and

1

then sentenced Cullum terms of 10 years each for three counts of aggravated criminal sexual assault, 6 years each for two counts of aggravated kidnapping, 10 years each for two counts of kidnapping, 5 years for aggravated possession of a stolen motor vehicle, 4 years for possession of a stolen motor vehicle, 3 years for aggravated battery on a public way, and 2 years for aggravated fleeing or attempting to elude a police officer, all to run concurrently(Dkt. 1 at 23-26).

Cullum filed a direct appeal with the Illinois appellate court. (*See* Dkt. 14-1). He argued that the evidence was insufficient to sustain his convictions; that his trial counsel was ineffective for eliciting harmful testimony from A.B.; and that the trial court failed to hold a sufficient hearing into his post-trial ineffective assistance claims pursuant to *Krankel*, 464 N.E.2d. (*See* Dkt. 14-1 at 3). The appellate court affirmed in part, deciding each of Cullum's claims on their merits. However, it remanded for resentencing after vacating in part to comply with the one-act, one-crime rule. (*Id.* at 30). Petitioner filed an unsuccessful petition for leave to appeal (PLA) to the state supreme court, raising only his sufficiency claim regarding his aggravated criminal sexual assault conviction and his ineffective assistance claim regarding the cross-examination of A.B. (Dkt. 14-5). On remand, ands as directed by the Appellate Court, the trial court resentenced Cullum to consecutive terms of ten years in prison for aggravated criminal assault and six years for aggravated kidnapping. (Dkt. 14-7 ¶ 12). Cullum appealed from the resentencing. (*Id.* at ¶ 2). Cullum argued that the new sentencing hearing was inadequate, that his original sentences were not able to be appealed, and that the trial court was vindictive as evidenced by the increased

2

sentence (which was remedying the error in the first sentence as set forth by the Appellate Court. (*Id*. at ¶ 12). The appellate court affirmed the new sentence. (*Id at* ¶ 12). Cullum then filed an unsuccessful PLA raising only his claim that state law barred the State from challenging his sentence in the original direct appeal. (Dkt. 14-7).

Cullum asks this Court to grant the writ on four constitutional grounds: (1) his trial counsel was ineffective for eliciting harmful testimony from A.B. on cross-examination, (Dkt. 1 at 5); failing to introduce of A.B.'s rape kit, (Dkt. 1-1 at 11); failing to call witnesses Cullum believes would be helpful to his case (*Id*. at 13, 15); and failing to object to the resentencing (Dkt. 1 at 6); (2) the evidence was insufficient to sustain his convictions of aggravated criminal sexual assault, (Dkt. 1 at 5); aggravated kidnapping (*Id*. at 139); and aggravated possession of a stolen motor vehicle (*Id*. at 150); (3) the *Krankel* hearing was inadequate (*Id*. at 6); and (4) the trial court was vindictive in resentencing petitioner to consecutive terms that, in aggregate, were longer than his initial concurrent sentences.

However, Cullum, in his reply brief, conceded that he procedurally defaulted on claims relating to failing to introduce evidence of A.B.'s rape kit; failing to object to the resentencing hearing, the evidence was insufficient to sustain his convictions of aggravated kidnapping and aggravated possession of a stolen motor vehicle, and that the trial court was vindictive in its resentencing. (Dkt. 15 at 2).

Therefore, this Court will only address the following claims: (1) trial counsel was ineffective for failing to call Michael Dorsey and Cian Martin as witnesses; (2)

trial counsel was ineffective for eliciting harmful testimony from A.B. on cross-examination; (3) the evidence was insufficient to sustain his conviction of aggravated criminal sexual assault; and (4) the *Krankel* hearing was inadequate.

**Discussion**

I.  **Cullum's Claim of Ineffective Assistance of Counsel for Failing to Call Witnesses is Procedurally Defaulted**

Cullum's claims of ineffective assistance of counsel for failing to call two witnesses he believes would have been helpful to his case, Cian Martin and Michael Dorsey, are procedurally defaulted. Federal habeas review is available only if the petitioner has given the state courts a meaningful opportunity to consider his claims by presenting them in "one complete round" of state court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Cullum did not present the issue of ineffective assistance of counsel for failing to call Cian Martin and Michael Dorsey as witnesses in one complete round of review. On direct appeal, Cullum did mention that his counsel failed to secure the testimony of Cian Martin and Michael Dorsey. *See* Opening Br., *People v. Cullum*, No. 1-11-1776, at 44-49 (Ill. App. Ct.) (Exhibit 14-2). However, this was mentioned to argue that the trial court erred in conducting an adequate *Krankel* inquiry. *Id.*; *see also* Reply Br., *People v. Cullum*, No.1-11-1776 at 44-49 (Ill. App. Ct.) (Exhibit 14-4). Cullum did not cite any federal cases or argue that the trial court's errors were of a federal constitutional magnitude. In fact, he argued that the trial court erred on solely a state court issue. Cullum argues that even though his claim was listed as a *Krankel* inquiry, it is inherently a constitutional issue. (Dkt. 15 at 3). However, a

4

"mere 'passing reference' to a constitutional issue certainly does not suffice." *Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001) (quoting *Fortini v. Murphy,* 257 F.3d 39, 44 (1st Cir.2001).

Furthermore, Cullum did not adequately present this aspect of his claim for ineffective assistance of counsel to the Illinois Supreme Court in his Petition for Leave to Appeal (PLA). (Exhibit 14-5). In his PLA, Cullum mentioned that counsel was ineffective for failing to summon defendant's witnesses who possessed exculpatory evidence. *Id.* However, the operative facts relating to this claim were not explained. Cullum only stated this concern one time and merely to demonstrate that was how he was prejudiced as a result of ineffective counsel eliciting harmful testimony.

The Court, therefore, will not address this claim of ineffective assistance of counsel, unless Cullum has demonstrated "both cause for and prejudice from the default, or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Bolton v. Akpore*, 730 F.3d 685, 698 (7th Cir. 2013) (citing *Dretke v. Haley*, 541 U.S. 386, 393 (2004). Cullum's petition "fails to argue either point," and as a result this Court "cannot consider his claim." *Crockett v. Hulick*, F.3d 1183, 1193 (7th Cir. 2008).

## II. Cullum's Claim of Ineffective Assistance of Counsel for Eliciting Harmful Testimony is Meritless

With respect to Cullum's claim alleging ineffective assistance of trial counsel for eliciting harmful testimony from A.B. on cross-examination, the Illinois Appellate Court properly rejected Cullum's claim in accordance with an appropriate application of federal law. To prevail on a claim of ineffective assistance of counsel on habeas review, such a claim must fail the test for ineffective assistance mandated by *Strickland* and the state court's decision must also fail 28 U.S.C. § 2254(d)'s deferential standard of review, which requires the petitioner to show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Pole v. Randolph*, 570 F.3d 922, 934 (2009).

Cullum argues that the appellate court should have applied the standard from *Chapman v. California*, that in order to hold a federal constitutional error harmless, "the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. 18, 24 (1967). (See Dkt. 1 at 104; Dkt. 15 at 8). However, the proper standard in determining whether a defendant's assistance of counsel is ineffective is laid out in *Strickland*. 466 U.S. 668 (1984). Under *Strickland*, to determine whether there has been a violation of the defendant's sixth amendment right to effective assistance of counsel, the defendant must prove that (1) his counsel's "representation fell below and objective standard of reasonableness" and (2) there is a "reasonable

6

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 693. There is a strong presumption that counsel's conduct fell within the standard of reasonableness required. *Id.* at 697. Furthermore, a reviewing court need not consider the first prong if the second prong cannot be satisfied. *Id.* Therefore, the appellate court applied the proper standard in determining whether Cullum's counsel was ineffective in eliciting harmful testimony from A.B.

Cullum argues that his trial counsel had no strategic purpose in eliciting the testimony from A.B. and had this testimony not been stated, there would be no evidence that he asked A.B. to perform fellatio. (Dkt. 1 at 101; Dkt 15 at 4). It is difficult to understand Cullum's argument since A.B. was the victim in this case and was called to testify about her victimization. Of course, his trial counsel crossed A.B. and essentially Cullum is blaming trial counsel for obtaining an answer that he deems to be unfavorable. However, while it is true that Cullum's counsel elicited testimony from A.B. that caused her to change her position on whether Cullum asked her to perform fellatio, this does show ineffective assistance of counse. In its opinion in 2013, the Illinois Appellate Court addressed this issue directly and held that the totality of the evidence was sufficient to convict Cullum of aggravated sexual assault. The Court noted even though Cullum argued that A.B. voluntarily chose to perform fellatio and there was no evidence that he forced her to do so. But the Appellate Court granted deference to the trier of fact's credibility determinations and the judge found the victim to be "absolutely, totally, credible." Much of the evidence at trial supported

the victim's version of the offense: the erratic driving witnessed by others, the attempts of the victim to escape only to be pulled back into the car by her hair which was corroborated by the photos of her injuries, the conversations and efforts of the victim to be returned to her friends which were corroborated by those witnesses. All of this was found to be sufficient for the trial court who determined the credibility of the witnesses and was affirmed by the appellate court. In short, even if defense counsel elicited a piece of testimony that Cullum found to be damaging to him, it was not the only piece that linked him to the aggravated sexual assault – it was merely one piece—and both the trial court and the appellate court found the evidence to be more than sufficient to convict Cullum.

The appellate court reasonably applied *Strickland* when it concluded that Cullum could not satisfy the second prong, and therefore, his argument fails. (Dkt. 14-1 at ¶¶ 55-56.) The appellate court held that when considering the totality of the evidence, it cannot be said that *but for* counsel's eliciting this testimony, there was a reasonable probability the result would have been different. *Id*. Cullum's argument, that the appellate court placed itself as the trier of fact to determine if the result would have been different, is without merit. (Dkt. 1 at 104; Dkt. 15 at 5). The appellate court applied the correct standard by giving the trial court deference when reviewing the credibility of the witnesses and then by reviewing all of the evidence that supported the victim's testimony. The appellate court was abiding by the *Strickland* test. It properly noted that even without A.B.'s testimony, the evidence at trial—Cullum's erratic and dangerous driving, confining A.B. to the vehicle, taking

A.B.'s phone and throwing it out the window, physically harming A.B., and A.B. feeling helpless —was sufficient to prove his guilt and to corroborate the victim's statement that she was forced to commit fellatio on Cullum do to fear not through consent and therefore even without counsel eliciting A.B.'s harmful testimony, there is not a reasonable probability that the results of the proceeding would have been different. Thus, Cullum fails prong two of the *Strickland* test.

Cullum fails not only to overcome the *Strickland* test but also fails to demonstrate that the state appellate court's decision was unreasonable under §2254(d)'s deferential standard of review for state court judgments. For these reasons, Cullum's claim for habeas relief alleging inadequate assistance of counsel for eliciting harmful testimony fails as a matter of law.

### III. Cullum's Claim of Insufficient Evidence to Sustain a Conviction for Aggravated Criminal Sexual Assault is Meritless

Once again, Cullum argues that the evidence was insufficient to sustain his conviction for aggravated criminal sexual assault. He alleges that there was no proof that he "intentionally or knowingly" forced or used threat of force to commit an act of sexual penetration as required by 720 ILCS 5/12-14(a)(2) (2010). (Dkt. 1 at 5, 108). Furthermore, he alleges that A.B.'s testimony, which the appellate court relied on, was totally incredible and that the court did not interpret the facts correctly. (Dkt. 1 at 125; Dkt. 15 at 5). This is once again a rehashing of his previous claim. He claims that there is enough evidence in the record to prove his innocence. (Dkt. 15 at 6). Cullum alleges that the appellate court did not give an honest assessment of his claim. *Id.* There are no procedural bars preventing this Court from reviewing

Cullum's claim of insufficient evidence to convict him of aggravated criminal assault. Therefore, the Court must evaluate whether "the state-court proceeding resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." *Corcoran v. Neal*, 783 F.3d 676, 682-83 (7th Cir. 2015) (quoting 28 U.S.C. §2245(d)) (internal quotation marks omitted). On habeas review, this Court will reverse the trial court's verdict based on the insufficiency of the evidence only if, viewing the evidence in light most favorable to the prosecution, the Court finds that "no rational trier of fact could find guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317 (1979).

Cullum's claim is meritless. The Illinois Appellate Court, the last court to review this claim, applied the *Jackson* standard on review. In granting great deference to the state court, it found the state's witnesses to be "credible" and the defendant to be "absolutely totally, incredible." (Dkt. 14-1 at 18). Additionally, federal courts have no license to redetermine the credibility of witnesses for a habeas review. *See United States v. Oregon Medical Society*, 343 U.S. 326 (1952). Furthermore, the appellate court found that aside from A.B.'s testimony, the totality of the evidence was sufficient to convict him of aggravated criminal sexual assault. (Dkt. 14-1 at 20). A.B. testified at trial as to how she repeatedly begged to be let out of the car while Cullom drove erratically and at a high rate of speed. The defendant took A.B.'s phone, punched her, drove around dangerously away from her friends who

10

were trying to pick her up, and confined her. The sole purpose according to A.B. was to keep her in the car in order to have sex with her. In fear, she offered to have oral sex with him if he would let her go but when she began, she pulled back, fearful that he may have AIDS and told him he would have to kill her. When she attempted to leave the car, he dragged her by her hair and pulled her into the car. She fought him kicking and screaming for help as she tried to escape. Her testimony was corroborated by photos of her injuries, her friends who tried to get to her and a bystander who she screamed to for help. Finally, her testimony was corroborated by the police who described how he fled the scene when they arrived and crashed his car trying to escape. The court held that this evidence was sufficient to properly convict Cullum of aggravated criminal sexual assault. *Id.* Because this holding was based on the appropriate standards, it was an honest assessment of Cullum's claim. Since a rational trier of fact could have found proof of guilt beyond a reasonable doubt from this record, the Illinois appellate court ruling was neither contrary to nor an unreasonable application of federal law. *See Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("[I]t is black letter law that testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar."). Therefore, the Court denies Cullum's insufficient evidence claim.

**IV. Cullum's Claim of an Inadequate *Krankel* Hearing is Incognizable**

Cullum's last claim for a writ of habeas corpus is that he did not receive an adequate *Krankel* hearing. Cullum argues that a *Krankel* hearing is merely a proceeding conducted to evaluate whether counsel was ineffective, which is a

11

constitutional issue. (Dkt. 15 at 3). He alleges that because the underlying issue of a *Krankel* hearing is constitutional, that the claim is cognizable under federal habeas review. (*Id*). However, federal habeas review is narrow in scope and a federal court may only grant the writ of habeas corpus when a state court decision is contrary to or unreasonably applies federal law as determined by the Supreme Court. *Williams v. Thurmer*, 561 F.3d 740, 742 (7th Cir. 2009) (citing 28 U.S.C. § 2254(d)(1)). Under Illinois state law, a defendant alleging ineffective assistance of trial counsel in pro se post-trial motions may be entitled to a hearing and an appointment of new counsel. *People v. Krankel*, 464 N.E.2d 1045, 1049 (1984). A *Krankel* hearing is thus based solely on state law and an alleged violation is insufficient for the grant of a writ of habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *United States ex rel. Payton v. Pfister*, No. 11 C 6610, 2015 WL 5829749, at *14 (N.D. Ill. Oct. 1, 2015).

Cullum's claim alleges a violation of the Illinois state common law right created in *Krankel*. He does not allege a violation of federal law. The underlying issue in a *Krankel* hearing is not constitutional mandate, it is something made possible by Illinois state law. Cullum does not allege any violation of federal law as determined by the Supreme Court, therefore, this Court may not grant the writ of habeas corpus over Cullum's inadequate *Krankel* inquiry.

Because this Court has dismissed Cullum's procedurally defaulted claims and denied his remaining claims, Cullum's petition for writ of habeas corpus is denied.

## V.     Certificate of Appealability

Accordingly, the Court denies Cullum's petition for a writ of habeas corpus. (Dkt. 1). The Court also declines to issue a certificate of appealability because Cullum did not make "a substantial showing of the denial of a constitutional right," or in other words, that reasonable jurists would not find this procedural default decision debatable.  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

_____
Virginia M. Kendall
United States District Judge

Date: March 23, 2020